11-5021-cv
Papa v. Attorney General

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of April, two thousand thirteen.

PRESENT:
　　　　RAYMOND J. LOHIER, JR.,
　　　　SUSAN L. CARNEY,
　　　　　　　*Circuit Judges,*
　　　　JED S. RAKOFF,
　　　　　　　*District Judge.*[*]
_____

GEORGE PAPA,

　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　11-5021-cv

ATTORNEY GENERAL, USCIS,

　　　　　　*Defendants-Appellees*.
_____

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT**:**  George Papa, *pro se*, Mexico City, Mexico.

FOR DEFENDANTS-APPELLEES**:**  Margaret M. Kolbe, Assistant United States Attorney (Varuni Nelson, Scott Dunn, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

Appellant George Papa, proceeding pro se, appeals from the District Court's denial of his application for a declaration of United States citizenship pursuant to 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision. Where, as here, the District Court denied on the merits an application for a declaratory judgment pursuant to 28 U.S.C. § 2201, we review the District Court's legal determinations de novo. See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 63-64 & n.5 (2d Cir. 2012).

The District Court correctly concluded that Papa was not entitled to a declaration of United States citizenship because his father did not meet the physical presence requirement in force in 1973 when Papa was born. The applicable statute required a United States citizen parent to be physically present in the United States for a period of at least ten years prior to the birth of a child in order for the child to be a United States

citizen. 8 U.S.C. § 1401(a)(7) (1973) (presently codified as amended at 8 U.S.C. § 1401(g)). Papa is not entitled to relief because he conceded that his father, an Albanian-born United States citizen, had not been physically present in the United States prior to Papa's birth. Papa's argument that his father should be deemed to have been constructively present in the United States prior to Papa's birth because of his inability to leave Albania is foreclosed by our holding in Drozd v. INS, 155 F.3d 81, 86 (2d Cir. 1998). In Drozd, the petitioner's father, a United States citizen, lived in Poland at all relevant times. To distinguish his case from Drozd, Papa alleges that Americans faced greater persecution and isolation in Albania than in Poland. However, our holding in Drozd that the physical presence requirement of Section 1401 cannot be constructively satisfied does not depend on the specific factual circumstances of each case. See id.

Papa also argues that the physical presence exception to Section 1401 is unconstitutional. In assessing the claim, we apply the rational basis standard of review because the challenged classification is not one – like race, national origin, sex, or one affecting fundamental rights – to which we apply strict or intermediate scrutiny. Accordingly, we review the exception to determine whether it is "rationally related to a legitimate governmental purpose." Yuen Jin v. Mukasey, 538 F.3d 143, 159 (2d Cir. 2008). Here, Congress could rationally have chosen to carve out an exception to the physical presence requirement for those serving in the United States military or employed by the United States Government, given the ties to this country inherent in such service, while not carving out a similar exception for United States citizens unable to come to the United States due to oppressive foreign regimes or other hardship.

Finally, Papa's motion to file a supplemental appendix to his reply brief is denied because the documents he seeks to include in the supplemental appendix were not presented to the District Court.  See Fed. R. App. P. 10(a)(1); Loria v. Gorman, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").  In any event, consideration of the supplemental appendix would not affect the result here, as the supplemental appendix relates only to conditions in Albania, which we have assumed for purposes of this order were as harsh as Papa alleges.

We have considered all of Papa's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4